**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| EWAN, et al. | ) | |
| Plaintiffs, | ) | |
| v. | ) | Civil Action No. 17-01628 |
| ISLAMIC REPUBLIC OF IRAN | ) | |
| Defendant. | ) | |

**PLAINTIFFS' EXPEDITED MOTION FOR ORDER UNDER 28 U.S.C. § 1610(c) AUTHORIZING ENFORCEMENT OF JUDGMENT AGAINST THE ISLAMIC REPUBLIC OF IRAN AND MEMORANDUM IN SUPPORT THEREOF**

Pursuant to 28 U.S.C. § 1610(c) Plaintiffs hereby move this Court for an order authorizing enforcement of the final judgment entered on June 10, 2020, and served on the Defendant, Islamic Republic of Iran (hereinafter "Iran" or "Iranian Defendant" or "Judgment Debtor"), by diplomatic service on October 27, 2020, in the amount of U.S. $73,941,500 on the basis that more than five years have elapsed since the entry of final judgment and over five years have elapsed from the service of the final judgment on the Islamic Republic of Iran and therefore a "reasonable period of time has elapsed following the entry of judgment" and notice to Iran of the final judgment.

**PROCEDURAL HISTORY**

On June 10, 2020, this Court entered a final judgment against Iran (Order at Dkt. #39, and Memorandum Opinion at Dkt. #40). In accordance with the provisions of 28

U.S.C.§1608(e), through the Office of the Clerk of this Court, Plaintiffs served copies of the Memorandum Opinion and Order awarding damages by diplomatic means, by delivery to the Ministry of Foreign Affairs of the Islamic Republic of Iran on November 4, 2020, as evidenced by the certified copies of the diplomatic notes filed in this action (Dkt. #44).

As of the date of this Motion, more than five years have passed since the date of diplomatic service without payment by the Judgment Debtor of the final judgment entered herein.

## ARGUMENT

Iran has been allowed sufficient time and notice to take steps to pay the final judgment, satisfying the implicit requirement of 28 U.S.C. § 1610(c) to provide "one last clear chance" to the Judgment Debtor to satisfy the final judgment.

## I. THE KEY CONSIDERATION UNDER 28 U.S.C. § 1610(c) IS WHETHER IRAN HAS HAD SUFFICIENT NOTICE AND TIME TO RESPOND

Iran has had a copy of the final judgment for over two (2) months, a reasonable benchmark est. 28 U.S.C. § 1610(c) requires the passage of a "reasonable period of time" between the receipt of notice by a foreign sovereign before allowing post-judgment attachment or execution. In *NED Chartering and Trading, Inc. v. Republic of Pakistan*, Chief Judge Royce C. Lamberth defined a "reasonable period of time":

> the defendants argue that the plaintiff's writ, in being issued 21 days after the entry of judgment, was not issued after a "reasonable period of time ha[d] elapsed."

130 F. Supp. 2d 64, 66 (D.D.C. 2001). The standard for determining whether post-judgment levy and execution may be directed against a foreign sovereign judgment-debtor under 28 U.S.C. § 1610(c) is one of reasonableness, which is partially determined by whether the

foreign sovereign has been allowed sufficient time to engage in an executive or legislative process to consider, pay, or decline payment of the judgment. *Id.* at 67 *citing to* H.R. Rep. 1487, 94th Cong., 2d Sess. 1, 30 (1976). A period of two (2) months is considered a "reasonable time". *Id. citing Gadsby & Hannah,* 698 F. Supp. at 486 (finding two months to be a "reasonable period of time"). In *NED Chartering and Trading, Inc.*, Judge Lamberth ruled that a period of six weeks "is a sufficient period of time to satisfy the requirements of section 1610(c)." *Id.*

One of the factors that this Court looked to in *NED Chartering,* was whether the foreign sovereign judgment debtor had had time to pay the judgment, if that was its intention. F. Supp. 2d at 67. Foreign sovereigns act through their bureaucracies and if the foreign government intends to pay the judgment, it should be given time to do so. *Id.* No judgment for damages in a case brought against the Islamic Republic of Iran as a result of the terrorist activity of that country has ever been voluntarily paid. If the Judgment Debtor intended to pay the judgment, which is not the case, they have had more than sufficient time to take appropriate internal action, or at least communicate to Plaintiffs that a payment is being arranged.

Furthermore, in order to obtain information about Iranian assets which may be frozen in the United States pursuant to various orders executive and otherwise, it is necessary for the Plaintiffs to be able to issue a subpoena to the Office of Foreign Asset Control (OFAC). To do so, requires the Plaintiffs to be in a position to enforce their judgment, which requires a 28 U.S.C. § 1610(c) Order.

## CONCLUSION

WHEREFORE, Plaintiffs pray that the Motion be granted and that: (1) the Court enter a finding pursuant to 28 U.S.C.§1610(c) that a reasonable period of time has elapsed following the entry of the final judgment in this matter; (2) the Court enter a finding pursuant to 28 U.S.C.§1608(e), that a copy of the Memorandum Opinion and Order has been served upon the Islamic Republic of Iran; and (3) the Court permit attachment and execution upon the final judgment entered on June 10, 2020 to go forward. Plaintiffs respectfully request that this Court grant this Motion authorizing and allowing post-judgment enforcement pursuant to 28 U.S.C. § 1610(c).

January 22,2026

Respectfully Submitted,

HEIDEMAN NUDELMAN & KALIK, P.C.
5335 Wisconsin Avenue, NW
Suite 440
Washington, D.C. 20015
Tel: 202-463-1818
Fax: 202-463-2999

By: */s/Richard D. Heideman*
*/s/ Tracy Reichman Kalik*
Richard D. Heideman (No. 377462)
Noel J. Nudelman (No. 449969)
Tracy Reichman Kalik (No. 462055)