UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EWAN, et al.,

        Plaintiffs

    v.

ISLAMIC REPUBLIC OF IRAN,

        Defendant

Civ. A. No. 17-1628 (JDB)

### MEMORANDUM OPINION & ORDER

Plaintiffs sued Iran for damages related to the 1983 bombing of the U.S. Embassy in Beirut, Lebanon. This Court found Iran liable and awarded plaintiffs compensatory and punitive damages. They now wish to begin enforcing that judgment. To do so, plaintiffs must follow the process for attaching and executing foreign state property established in the Foreign Sovereign Immunities Act, 28 U.S.C. § 1610. As required by the Act, plaintiffs must show that "a reasonable period of time has elapsed following the entry of judgment and the giving of notice" to the foreign state defendant. Id. § 1610(c). For the reasons set forth below, the Court concludes those requirements are met and grants plaintiffs' motion.

### BACKGROUND

In 2020, plaintiffs won a default judgment against Iran for more than seventy-one million dollars. See Mem. Op. (ECF No. 40) at 23. They then began the difficult process of enforcing their award, starting with providing notice of the judgment to Iran. See 28 U.S.C. § 1610(c). Plaintiffs first attempted to notify Iran of their judgment by mail. See Notice of Service of

Process [ECF No. 43] at 1. They tried to send notice through DHL and USPS. Id. But this proved impossible because those international mail carriers do not service Iran. Id. Plaintiffs next attempted to transmit notice of the judgment through diplomatic channels. Id. They worked with the State Department, who passed the judgment and associated memorandum opinion to the Embassy of Switzerland, who in turn delivered the materials to Iran on October 27, 2020. See Notice of Service of Process at 2; Affidavit Regarding Service of Process [ECF No. 44].

Plaintiffs now move for a court order certifying that Iran has been properly notified. Under 28 U.S.C. § 1610(c), plaintiffs must allow for "a reasonable period of time" to pass following the entry of judgment and the proper service of notice. Only then can the Court enter an order allowing attachment and execution to commence.

## ANALYSIS

Plaintiffs must satisfy two requirements under 28 U.S.C. § 1610(c). First, they need to show that they have provided notice of their judgment to the defendant, consistent with the requirements of the Foreign Sovereign Immunities Act, section 1608(e). That section provides that a copy of the judgment must be sent to defendant in a manner consistent with the service of process requirements for foreign state defendants. A plaintiff must attempt service in four ways, sequentially: (1) by delivering a copy of the summons and complaint "in accordance with any special arrangement for service between the plaintiff and the foreign state," (2) by delivering a copy of the summons and complaint "in accordance with an applicable international convention on service," (3) by sending a copy of the summons and complaint and a notice of suit, as well as translations thereof, "by any form of mail requiring a signed receipt," or (4) by sending the documents to the Secretary of State, who then transmits them "through diplomatic channels to the foreign state." 28 U.S.C. § 1608(a).

Plaintiffs have complied with these requirements. As an initial matter, there is no "special arrangement," id. § 1608(a)(1), or international convention, id. § 1608(a)(2), applicable to service on Iran. See, e.g., Karcher v. Islamic Republic of Iran, 396 F. Supp. 3d 12, 15 (D.D.C. 2019). So, plaintiffs attempted to serve Iran via mail, but that too failed. See Notice of Service of Process at 1. Finally, plaintiffs attempted to notify Iran through the U.S. Department of State, Office of Overseas Citizens Services. See Affidavit Regarding Service of Process. That was successful. Id. The Court is satisfied that plaintiffs have properly followed the Foreign Sovereign Immunities Act's procedures for notification.

Next, plaintiffs must demonstrate that "a reasonable period of time" has elapsed following the entry of judgment, delivery of notice, and the plaintiffs' request for an order certifying attachment and execution to begin. The Foreign Sovereign Immunities Act does not define how long a plaintiff must wait before attachment and enforcement become "reasonable." But courts typically consider "the procedures necessary for the foreign state to pay the judgment (such as the passage of legislation), evidence that the foreign state is actively taking steps to pay the judgment, and evidence that the foreign state is attempting to evade payment of the judgment." Ned Chartering & Trading, Inc. v. Republic of Pakistan, 130 F. Supp. 2d 64, 67 (D.D.C. 2001) (citing H.R. Rep. No. 94–1487, at 30). This typically amounts to a few months. Ned Chartering, 130 F. Supp. 2d at 67 (six weeks reasonable); see also, e.g., Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara, Civ. A. No. 01-0634, 2002 WL 32107929, at *2 (S.D. Tex. Jan. 25, 2002) (fifty days reasonable); Ferrostaal Metals Corp. v. S.S. Lash Pacifico, 652 F. Supp. 420, 423 (S.D.N.Y. 1987) (three months reasonable).

Here, more than five years have passed since the judgment was entered and notice was properly rendered upon Iran. By any standard, five years is "reasonable." Such time is

especially sufficient in this case, as Iran has never appeared or suggested it intends to pay the judgment voluntarily.  The Court thus concludes that the "reasonable period of time" requirement is met.

Plaintiffs are now entitled to begin enforcing their judgment against Iran.  However, this is only the start of the process.  This order merely certifies that plaintiffs have complied with the requirements of section 1610(c), thereby ensuring that Iran has had sufficient notice and opportunity to respond to the underlying judgment.  It "does not authorize attachment or execution upon any particular property—or any property at all."  Agudas Chasidei Chabad of U.S. v. Russian Fed'n, 798 F. Supp. 2d 260, 270 (D.D.C. 2011).  Plaintiffs must locate Iranian assets and convince a court with jurisdiction over those assets that they are subject to attachment and execution under the Foreign Sovereign Immunities Act and any other applicable law.  See Owens v. Republic of Sudan, 141 F. Supp. 3d 1, 11 (D.D.C. 2015).

## CONCLUSION

For the foregoing reasons, the Court concludes that plaintiffs have satisfied the requirements of 28 U.S.C. § 1610(c).  Plaintiffs have properly notified Iran of the judgment against them, and a reasonable time has elapsed since the entry of judgment and notice such that attachment and execution may proceed.

\* \* \*

Upon consideration of [45] the motion for an order under 28 U.S.C. § 1610(c), and the entire record herein, it is hereby ORDERED that the motion is GRANTED.

/s/
JOHN D. BATES
United States District Judge

4

Dated: January 29, 2026